## COMMONWEALTH *vs.* ROBERT ALLEN.

By the Rev. Sts. *c.* 51, travellers in carriages, who meet in a road, are required, under a penalty, seasonably to drive their carriages to the right of the middle of the travelled part of the road; and they cannot avoid the penalty by seasonably turning to the right of the wrought part of the road, though they leave sufficient room for the travellers, whom they meet, to pass with convenience and safety in the use of ordinary care and skill.

In a complaint against a traveller for not driving his carriage to the right of the middle of the travelled part of a road, as required by Rev. Sts. *c.* 51, it is not necessary to set forth a particular description of the road.

A COMPLAINT was made to a justice of the peace, alleging that, on the 15th of October 1845, "Robert Allen of Mendon in the county of Worcester, and Hannah Arnold, wife of James Arnold of Wrentham in the county of Norfolk, met each other in the road in said Mendon, travelling with their respective wagons, and the said Robert Allen, while so meeting the said Hannah with said wagon on said road, did not drive his said wagon to the right of the middle of the travelled part of said road, so that the said wagon of the said Allen interfered with said James's wagon, in passing it, and

by such interference broke said James's wagon in pieces, and other wrongs did, against the peace, and contrary to the form of the statute in such case made and provided."

At the trial in the court of common pleas, before *Merrick*, J. on the defendant's appeal from the judgment of a justice of the peace, " the defendant contended that if the jury were satisfied that he seasonably turned to the right of the wrought part of said road, so as to leave sufficient room for the other traveller to pass with convenience and safety, in the use of ordinary care and skill, he was not liable under this complaint. But the judge instructed the jury, that if the defendant did not seasonably turn to the right of the middle of the travelled, which consisted of the wrought, part of the road, it was of no consequence how much room, or how great space, was left for the other traveller to pass ; and this, though no collision was the result of the failure of the defendant to turn to the right of the middle of the travelled part of the way."

After the jury had found the defendant guilty, he moved in arrest of judgment, " because said complaint does not sufficiently set forth or describe the road, or any road, on which the alleged meeting took place." This motion was overruled, and the defendant alleged exceptions to said instructions and ruling.

*B. F. Thomas*, for the defendant.

*Wilkinson* (District Attorney,) for the Commonwealth.

DEWEY, J. The Rev. Sts. *c.* 51, § 1, provide, that " whenever any persons shall meet each other on any road travelling with carriages, &c., each person shall seasonably drive his carriage, &c., to the right of the middle of the travelled part of such road, so that the respective carriages, &c., may pass each other without interference."

The statute has, as it seems to us, in direct terms required the duty of persons meeting upon the road, to turn to the right of the *travelled* part of the road, and imposed a penalty for a neglect of this duty. As a public offence, it can make no difference whether sufficient room was left for the other party to pass, if he had not also been guilty of negligence

Commonwealth *v.* Allen.

in not using ordinary care. It is the negligence or wrong-ful act of the defendant that constitutes the public offence irrespective of the want of ordinary care of the other party Such would be the rule as to an indictment against an in-dividual for a nuisance on the highway. In such case, it being shown that a party had placed an obstruction of any kind on the highway, that would amount to a nuisance; and it would constitute no defence, that the traveller might avoid all collision or injury from that source, if he should exercise ordinary care and diligence to do so.

In a civil action for damages by a party travelling on such road, a very different rule might be applicable.

So far as any question is raised, in the present case, as to the duty of persons travelling, when they are about to meet, to drive to the right of the middle of the *travelled* part of the road, — in distinction from the wrought part of the road — where the travelled way is of less width than the wrought way, the statute seems very plain and direct in its provisions, and pre-scribes, as the duty of the traveller, the turning to the right of the middle of the travelled path.

The defendant has also filed a motion in arrest of judg-ment, on the ground that the complaint is defective in not suf-ficiently setting forth and describing the road on which the alleged meeting of the parties took place. The allegation as to the road is general, describing no particular road in the town of Mendon, but only alleging that the meeting took place upon a road in that town. If this is not a sufficient descrip-tion of the road, then judgment must be arrested.

Without deciding whether this description of the road would be sufficiently minute and particular, if some defect in the road itself was the principal matter complained of, the court are of opinion that in the present case, as the complaint avers a specific particular act accompanied with allegations calculated to apprise the defendant of the nature of the charge which was the gist of the offence, the road is suffi-ciently described. A similar objection was taken in the case of *Commonwealth* v. *Hall*, 15 Mass. 240. There the charge

was the erecting of a building upon the highway ; and an objection was taken, that there was no particular location of the highway, but a mere averment that it was upon a highway in the town of Sutton. But the court held it sufficient in this particular.

We think that, from the very nature of this complaint, the defendant must have been sufficiently apprised of the charge, without a more minute description of the road. At least, the objection furnishes no sufficient ground for arrest of judgment, ifter trial and a verdict against the defendant. The motion n arrest, as well as the exceptions, must be overruled.